NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA A. OVALLES, | |
| Plaintiff, | |
| | Hon. Dennis M. Cavanaugh |
| v. | |
| | **OPINION** |
| UNITED STATES OF AMERICA, | |
| | Civil Action No. 06-CV-634 (DMC) |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court upon motion by Defendant United States of America ("Defendant" or "United States") to dismiss Maria A. Ovalles's ("Petitioner" or "Ovalles") petition pursuant to Fed. R. Civ. P. 12(b)(2). No oral argument was heard pursuant to Fed. R. Civ. P. 78. After carefully considering the submissions of the parties and for the following reasons, Defendant's motion to dismiss must be **granted**.

I. BACKGROUND

On September 28, 2001, Petitioner pled guilty to a charge of conspiring to import more than 500 grams of cocaine into the United States, in violation of 21 U.S.C. § 963. On August 7, 2002, she was sentenced by the Honorable Dennis M. Cavanaugh to a term of 75 months imprisonment. Petitioner has been serving her sentence at the Federal Correctional Institution in Danbury, Connecticut. Based on the Bureau of Prisons' official calculations, Ovalles's sentence will expire on December 17, 2008. Her "Pre-Release Date," based on all Good Conduct Time under 18 U.S.C.

§ 3624(b) is February 27, 2008.

On or about February 10, 2006, Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 requesting that she be allowed to serve 12 months of her 75 month sentence on home confinement. Petitioner stated that she "fully respects the sentence handed down upon her to serve and is in no way challenging her sentence nor is she challenging her plea of guilt." Rather, she "is simply asking that she be allowed to serve her sentence in a slightly different manner." In support of her motion, Ovalles notes that she has a stable home, has always held gainful employment, would like to provide moral and emotional support to her daughter, and has an elderly mother who requires care.

On or about March 9, 2006, this Court notified Petitioner that "a person seeking relief in federal court from confinement resulting from conviction in that court must include in a single petition, under § 2255, all potential claims for which he or she desires to seek review and relief, because a second or successive habeas petition under § 2255 must be dismissed unless certain very specific and rare circumstances exist . . . ." On March 20, 2006, Ovalles responded that she would like the pleading ruled upon as filed.

On July 25, 2006, the United States, by Christopher J. Christie, United States Attorney for the District of New Jersey, filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2).

## II. STANDARD OF REVIEW FOR 12(b)(2) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to file a motion to dismiss based on "lack of jurisdiction over the person." The Third Circuit requires that "once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).

**III.   DISCUSSION**

    **A.   Distinction Between § 2255 and § 2241**

Habeas petitions made pursuant to 28 U.S.C. § 2241 allow petitioners to challenge the "execution" of their sentences. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), the Third Circuit noted the distinction between petitions made pursuant to § 2241 and those made pursuant to § 2255:

> . . . Section 2255, which like Section 2241 confers habeas corpus jurisdiction over petitions from federal prisoners, is expressly limited to challenges to the validity of the petitioner's sentence. Thus, Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*. (emphasis added).

Petitioner stated that "she fully respects the sentence handed down upon her . . . and is in no way challenging her sentence nor is she challenging her plea of guilt." Rather than challenging her sentence, she is "asking that she be allowed to serve her sentence in a slightly different manner." Because she is challenging only the *execution of her sentence*, Ovalles's habeas petition falls squarely within the province of 28 U.S.C. § 2241. Therefore, a proper analysis of Petitioner's claim must be made pursuant to the requirements of § 2241.

    **B.   Personal Jurisdiction Under § 2241**

Habeas petitions made under § 2241 "must be sought from a district court with jurisdiction over the custodian of the prisoner." United States. v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982); see also Outlaw v. Hawk-Sawyer, 321 F. Supp. 2d 96, 98 (D.D.C. 2004). The prisoner's custodian in a habeas action is generally considered to be "the warden of the prison or facility where the detainee is held . . . ." Yi v. Mangans, 24 F.3d 500, 507 (3d Cir. 1994) (quoting Ex Parte Endo, 323 U.S. 283 (1944). The Supreme Court of the United States recently noted that "there is generally only one proper respondent to a given petitioner's habeas petition[;] . . . 'the person' with the ability to

3

produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

Ovalles is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut. Therefore, the proper respondent is the warden of FCI Danbury. Rather than naming the warden as respondent, Petitioner incorrectly named the United States as respondent. Accordingly, this court lacks personal jurisdiction over the custodian of Petitioner.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　　　　　　 S/ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　　　　　Hon. Dennis M. Cavanaugh, U.S.D.J.

Date:     March 15, 2007